UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GREGORY S. SPOONER | ) | |
| | ) | |
| v. | ) | No. 2:06-CV-155 |
| | ) | |
| HOWARD CARLTON, Warden | ) | |

**MEMORANDUM and ORDER**

This is a habeas corpus petition brought under 28 U.S.C. § 2254 by a state prisoner who, acting *pro se*, is challenging the legality of his confinement under a state court conviction. The Clerk is **DIRECTED** to serve a copy of the petition and this Order by certified mail upon the respondent and the Attorney General of the State of Tennessee. However, for reasons which appear below, the respondent is not required to file an answer at this time.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run on the date the petitioner's state judgment of conviction becomes final or upon the occurrence of one of three other circumstances not relevant here. *See* 28 U.S.C. § 2244(d)(1)(A).

The petition recites that, on April 28, 1993, the petitioner was convicted of six counts of rape by a jury in the Criminal Court for Hancock County, Tennessee, receiving thereafter a forty-year sentence. The petitioner sought direct review of his conviction, but his appeal was dismissed on June 3, 1994, on the basis that he had

escaped from custody. *Spooner v. State*, 2005 WL 1584357, *1 (Tenn. Crim. App. July, 9, 2005) (citing *State v. Spooner*, No. 03C01-9402-CR-00046 (Tenn. Crim. App. June 3, 1994) (order)). Not surprisingly, no application for permission to appeal that decision was filed in the state supreme court and, therefore, the petitioner's judgment became final in August, 1994, upon the lapse of the sixty-day period for filing such an application.

Because the petitioner's conviction became final prior to the date of enactment of the AEDPA, the statute would have begun to run on April 24, 1996, the date of AEDPA's enactment, and petitioner's time for filing a § 2254 petition would have expired one year later. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir.) (holding that a one-year grace period applies to pre-ADEPA convictions), *cert. denied*, 530 U.S. 1210 (2000), *overruled on other grounds by Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004).

The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2). Here, the petitioner filed a *pro se* post-conviction petition in the state court on November 13, 1995. *Spooner v. State*, 1998 WL 547045 (Tenn. Crim. App. Aug. 31, 1998). Because the post-conviction petition was pending on the effective date of AEDPA, the one-year clock stopped ticking immediately. The state petition remained pending until February 16, 1999, when the Tennessee Supreme Court denied the petitioner permission to appeal. Thus, the petition was no longer pending on that date, and the statute of limitations in § 2244(d) restarted. *Lawrence v. Florida*, 127 S. Ct. 1079

(2007) (ruling that the filing in the Supreme Court of a petition for certiorari for review of a post-conviction petition does not toll the statute of limitations in § 2244(d)(2)). The statute ran for three-hundred, sixty-five days, stopping on February 16, 2000.

Though the petitioner filed a state habeas corpus petition on August 2, 2004, *see Spooner v. State*, 2005 WL 1584357, *1 (Tenn. Crim. App. July, 9, 2005), its filing does not toll the statute because, at this point in time, there was no statute left to toll. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (citation omitted)

Accordingly, since this petition was filed on July 25, 2006, more than six years after the expiration of AEDPA's limitations provision, the petitioner is **ORDERED** to **SHOW CAUSE**, within ten days of the date of entry of this order, as to why his § 2254 petition should not be dismissed as untimely.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE