UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

GREGORY S. SPOONER )
)
v. ) No. 2:06-CV-155
)
HOWARD CARLTON, Warden )

## MEMORANDUM OPINION

This is a *pro se* state inmate's habeas corpus petition filed under 28 U.S.C. § 2254, challenging the legality of his 1993 Hancock County, Tennessee convictions for six counts of rape and his effective 48-year prison sentence. In a prior order, the Court found this petition time-barred under the one-year limitations statute in 28 U.S.C. § 2244(d)(1) and ordered petitioner to show cause as to why his case should not be dismissed. Petitioner has now responded to the order, presenting several arguments as to why he should be given "lee-way" in conforming with the statutory time-limits. [Doc. 3]. His arguments seemingly invoke the equitable tolling doctrine, which extends a statute of limitations for equitable reasons which are not contained in the statute.

The Sixth Circuit has found that the one-year limitations period in § 2244(d)(1) is subject to equitable tolling.. *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Equitable tolling, however, rarely applies. *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004). Typically, equitable tolling "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

Whether the statute should be equitably tolled depends upon five factors—(1) the petitioner's lack of notice of the filing requirements; (2) his lack of constructive knowledge of the filing requirement; (3) his diligence in pursuing his rights; (4) the absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008 (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988)). This list of factors is not necessarily all-encompassing, and not all factors are relevant in every case. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir.2003). A petitioner bears the burden of showing that he is entitled to equitable tolling, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002), and the decision as to whether to equitably toll the statute is to be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

In justifying his late filing, petitioner suggests, first, that he is not an attorney and is not educated or knowledgeable in the law. If these reasons are meant to imply that petitioner lacked actual knowledge of the limitations statute, the Sixth Circuit "has repeatedly held that ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citation and internal quotation marks omitted). Moreover, it cannot be said that petitioner lacked constructive knowledge of the filing requirements because the statute states "that the one-year statute of limitations runs from the 'conclusion of direct review' and that the statutory period is tolled during the time when a motion for state postconviction review is pending." *Id.*, at 402 (citing 28 U.S.C. § 2244(d)(1)-(2)). Thus, the statute

2

itself, not to mention case law, supplied constructive notice as to how § 2244 would apply to the petitioner's § 2254 application. Therefore, factors one and two weigh against equitable tolling.

Petitioner's second reason for the late filing of his petition is that, during the AEDPA's one-year statutory period which ran from February 16, 1999, to February 16, 2000, he continuously filed pleadings in the Hancock County Criminal Court, asking for copies of the documents necessary to prepare his habeas corpus petition. However, he has made no accounting of his attempts to pursue his constitutional claims during the more than four years which passed between the lapse of the statute in 2000 and the filing of his state habeas corpus petition in August of 2004. *See Spooner v. State*, 2005 WL 1584357, *1 (Tenn. Crim. App. July 7, 2005). That petitioner articulates no efforts he made to file a protective § 2254 petition to preserve his federal right to challenge his state court conviction is quite puzzling, given that his stated purpose in filing pleadings in the state court was to obtain documents to be used in preparing his federal petition. Such a lapse of time during which petitioner, apparently, slumbered on his rights does not indicate diligence on his part.

Nothing petitioner has alleged relates to his reasonableness in remaining ignorant of the legal requirement for filing his claim and the prejudice factor need not be examined if no other aspect of the *Dunlap* test has been shown. Equitable tolling of the limitations period, therefore, is unavailable to him.

Petitioner's final argument to avoid dismissal of his out-of-time petition

3

is that the one-year statute of limitations period in § 2244(d)(1) violates the *Ex Post Facto* Clause contained in Article I, § 9, cl. 3 of the United States Constitution because it was enacted after his conviction. The Court disagrees.

The *Ex Post Facto* Clause prohibits Congress from passing a law "'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *United States v. Ristovski*, 312 F.3d 206, 210 (6th Cir. 2002) (quoting *Weaver v. Graham*, 450 U.S. 24, 28 (1981)). However, no *ex post facto* violation occurs if the subsequent law being questioned alters no "substantial personal rights," but merely changes "modes of procedure which do not affect matters of substance." *Miller v. Florida*, 482 U.S. 423, 430 (1987) (quoting *Dobbert v. Florida*, 432 U.S. 282, 293 (1977)).

Here, the challenged statute does not affect "[t]he crime for which the ... [petitioner] was indicted, the punishment prescribed therefor, and the quantity or the degree of proof necessary to establish his guilt," *Dobbert*, 432 U.S. at 294 (quoting *Hopt v. Utah*, 110 U.S. 574, 589-90 (1884)); therefore, it cannot be classified as *ex post facto* legislation. *See, e.g., Thomas v. Straub*, 10 F. Supp. 2d 834, 836-37 (E.D.Mich. 1998) (finding that the enactment of § 2244(d)(1) did not violate the *ex post facto* law).

Since petitioner has failed to show cause, his habeas corpus petition will be **DISMISSED** as untimely. 28 U.S.C. § 2244(d)(1).

Finally, for reasons contained in this memorandum, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional

4

right because jurists of reason would not disagree about the correctness of this procedural ruling. *See Slack v. McDaniel,* 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will also **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
